**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4778

ANTONIO FRANCIS BUCK,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-97-15)

Submitted: March 31, 1998

Decided: May 11, 1998

Before WIDENER and ERVIN, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John W. Luxton, MORCHOWER, LUXTON & WHALEY, Rich-
mond, Virginia, for Appellant. Helen F. Fahey, United States Attor-
ney, Nicholas S. Altimari, Assistant United States Attorney,
Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Antonio Francis Buck was convicted by a jury of conspiracy to possess with intent to distribute crack and powder cocaine and heroin in violation of 21 U.S.C. § 846 (1994). He was sentenced to 188 months' imprisonment. On appeal, Buck challenges the sufficiency of the evidence to support his conviction. The crux of Buck's argument is that because his companion, Angela Denise Murray, was in possession of the seized narcotics he should not be held accountable as a co-conspirator. Finding no reversible error, we affirm.

A jury verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (quoting Glasser v. United States, 315 U.S. 60, 80 (1942)), cert. denied, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868). It is "[t]he jury, not the reviewing court, [that] weighs the credibility of the evidence and resolves any conflicts in the evidence presented." United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994).

Based on the testimony of co-conspirator Murray and law enforcement officials, the Government established that Buck was acting in concert with Murray at the time of his arrest. The evidence showed that Buck initiated this drug trafficking scheme when he asked Murray to accompany him to New York. The agreement was founded on Buck's need for a drug transporter and Murray's need for narcotics due to her addiction. Murray purchased bus tickets for their trip after Buck supplied her with money and instructed her to purchase the tickets under a fictitious name. Once the two arrived in New York, Buck consummated a drug deal. He subsequently placed the narcotics into the bag that Murray was carrying. Murray continued to maintain possession of the bag until they boarded the bus to return to Richmond.

2

The testimony then revealed that during a stopover in Baltimore, members of the DEA task force boarded the bus and requested permission to search certain bags. At first, neither Buck nor Murray claimed that they owned the bag that contained the narcotics. One agent testified that he observed Buck whisper something to Murray and then she claimed ownership of the bag. After Murray consented to a search of the bag, contraband was found. Murray explained to the officers that Buck asked her to travel to New York with him so that she could transport the drugs he purchased back to Richmond.

The agent further testified that a search of Buck revealed that he was in possession of digital scales, a portable cellular phone, and ticket stubs issued under a fictitious name. Buck also lied about his identity when he was questioned by law enforcement officials. Buck offered no explanation for having the scales in his possession or for lying to the officers about his identity. Finally, Buck neither offered any evidence on his behalf, nor did he impeach Murray on the witness stand. Taking the evidence in the light most favorable to the Government, the evidence of Buck's guilt, as described above, is more than adequate to support the verdict. See Burgos, 94 F.3d at 862.

Buck has filed a motion to file a supplemental formal brief with this Court. We decline to address these issues and deny his motion.

Accordingly, we affirm Buck's conviction and deny his motion to file a pro se supplemental formal brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3